FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _2980 Southampton-Byberry Road, Philadelphia, PA 19154_

Address of Defendant: _3311-13 East Thompson Streeor, Philadelphia, PA 19134_

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No✔

Does this case involve multidistrict litigation possibilities?   Yes☐   No✔
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No✔

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
   (Please specify)  **ERISA**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _SYRETTA JASMINE MARTIN_, counsel of record do hereby certify:
   ✔ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ✔ Relief other than monetary damages is sought.

DATE: _November 27, 2017_                    _____        ___309370___
                                             Attorney-at-Law                   Attorney I.D.#
   **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _November 27, 2017_                    _____        ___309370___
                                             Attorney-at-Law                   Attorney I.D.#

CIV. 609 (6/08)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
International Union of Painters & Allied Trades DC-21 et al.
2980 Southhampton-Byberry Road
Philadelphia, PA 19154

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Syretta J. Martin, Esquire
Spear Wilderman, P.C.
230 South Broad Street, Suite 1400, Philadelphia, PA 19102
215-732-0101

### DEFENDANTS
Torrado Construction, Co., Inc.
3311-13 East Thompson Street
Philadelphia, PA 19134

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / ☐ 368 Asbestos Personal   Injury Product | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine   Liability | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability   **PERSONAL PROPERTY** | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending   Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 380 Other Personal   Injury   Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - / ☐ 385 Property Damage   Medical Malpractice   Product Liability | ☒ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate   Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / ☐ 530 General   Accommodations | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty   Employment   **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other   Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 502 & Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1132 & 1145
Brief description of cause:
Complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $410,227.85**   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/27/2017

SIGNATURE OF ATTORNEY OF RECORD
Syretta J. Martin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund, et al., | : : : : : | CIVIL ACTION<br><br>NO. |
| Plaintiffs, | : : | |
| v. | : : | |
| Torrado Construction Co., Inc. | : : | |
| Defendant. | : : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| | | |
|---|---|---|
| __10/26/2017__ | | __Syretta J. Martin__ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| __(215) 732-0101__ | __(215) 732-7790__ | smartin@spearwilderman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND | : | CIVIL ACTION |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| HEALTH AND WELFARE FUND | : | NO. |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| ANNUITY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| JOB RECOVERY FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| FINISHING TRADES INSTITUTE OF THE | : | |
| MID-ATLANTIC REGION | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |
| INTERNATIONAL UNION OF PAINTERS AND | : | |
| ALLIED TRADES DISTRICT COUNCIL NO. 21 | : | |
| INDUSTRY ADVANCEMENT FUND | : | |
| 2980 Southampton-Byberry Road | : | |
| Philadelphia, PA 19154 | : | |
| | : | |
| and | : | |
| | : | |

**INTERNATIONAL UNION OF PAINTERS AND**   :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**   :
**VACATION FUND**   :
2980 Southampton-Byberry Road   :
Philadelphia, PA 19154   :
                              :
and   :
                              :
**INTERNATIONAL UNION OF PAINTERS AND**   :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**   :
**SCHOLARSHIP FUND**   :
2980 Southampton-Byberry Road   :
Philadelphia, PA 19154   :
                              :
and   :
                              :
**INTERNATIONAL UNION OF PAINTERS AND**   :
**ALLIED TRADES DISTRICT COUNCIL NO. 21**   :
**JOB ORGANIZATION PROGRAM TRUST FUND**   :
2980 Southampton-Byberry Road   :
Philadelphia, PA 19154   :
                              :
and   :
                              :
**JOSEPH ASHDALE,**   :
in his official capacity as a Trustee of the   :
**International Union of Painters and Allied Trades**   :
**District Council No. 21 Health and Welfare Fund**   :
2980 Southampton-Byberry Road   :
Philadelphia, PA 19154   :
                              :
and   :
                              :
**INTERNATIONAL PAINTERS AND ALLIED**   :
**TRADES INDUSTRY PENSION FUND**   :
7234 Parkway Drive   :
Hanover, MD 21076   :
                              :
and   :
                              :

2

TIM MAITLAND,                                          :
in his official capacity as a fiduciary               :
International Painters and Allied Trades Industry      :
Pension Fund, International Union of Painters and      :
Allied Trades Finishing Institute, and International   :
Union of Painters and Allied Trades Management         :
Cooperative Fund                                      :
7234 Parkway Drive                                    :
Hanover, MD 21076                                     :
                                                      :
            and                                       :
                                                      :
INTERNATIONAL UNION OF PAINTERS AND                   :
ALLIED TRADES FINISHING TRADES                        :
INSTITUTE                                             :
7230 Parkway Drive                                    :
Hanover, MD 21076                                     :
                                                      :
            and                                       :
                                                      :
INTERNATIONAL UNION OF PAINTERS AND                   :
ALLIED TRADES LABOR MANAGEMENT                        :
COOPERATIVE FUND                                      :
7234 Parkway Drive                                    :
Hanover, MD 21076                                     :
                                                      :
            and                                       :
                                                      :
INTERNATIONAL UNION OF PAINTERS AND                   :
ALLIED TRADES DISTRICT COUNCIL NO. 21                 :
2980 Southampton-Byberry Road                         :
Philadelphia, PA 19154                                :
                                                      :
                    Plaintiffs,                       :
                                                      :
            v.                                        :
                                                      :
TORRADO CONSTRUCTION CO., INC.                        :
3311-13 EAST THOMPSON STREET                          :
PHILADELPHIA, PA 19134                                :
                                                      :
                    Defendant.                        :

## C O M P L A I N T

### The Parties

1.      Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21 Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21 Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "DC21 Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district.

2.      Plaintiff, Joseph Ashdale, a trustee of the IUPAT DC21 Funds' Health and Welfare Fund, acts as a fiduciary on behalf of DC21 Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of all DC21 Funds having been so authorized by the Trustees of each of the DC21 Funds.

3.      Plaintiff, International Painters and Allied Trades Industry Pension Fund (hereafter, "Pension Fund"), is an employee benefit plan pursuant to Section 3(3) of ERISA, 29 U.S.C. Section §1002(3), with its principal office located at 7234 Parkway Drive, Hanover, MD 21076.

4.      Plaintiff, Tim Maitland, as Fund Administrator for the Pension Fund, acts as a fiduciary on behalf of Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), with respect to collection of contributions due the Pension Fund, and is authorized to bring this action in such capacity on behalf of all Trustees of the Pension Fund and the Pension Fund as an organization.  He is also authorized to bring this action on behalf of the

Finishing Trades Institute and the Labor Management Cooperation Initiative through a Collection Services Agreement.

5. Plaintiff, International Union of Painters and Allied Trades Finishing Trades Institute (hereafter, "FTI"), is a trust fund established under 29 U.S.C. Section §186(5), and a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" pursuant to Sections 3(37), (1) and (3) of ERISA, 29 U.S.C. Sections §§1002(37), (1) and (3), with its principal office located at 7230 Parkway Drive, Hanover, MD 21076.

6. Plaintiff, International Union of Painters and Allied Trades Labor Management Cooperative Fund (hereafter, "LMCF", and collectively hereafter with the aforementioned Funds, "Plaintiff Funds"), is an entity that performs certain employer association functions, but also is an unincorporated organization established under 29 U.S.C. §186(c)(9). Its principal office is located at 7234 Parkway Drive, Hanover, MD 21076. Plaintiff Funds are due and owing relief sought from Torrado Construction Co., Inc., as set forth below.

7. Plaintiff International Union of Painters and Allied Trades District Council No. 21 (hereafter, "Plaintiff Union") is an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter, the "LMRA"), as amended, 29 U.S.C. §185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant.

8. Defendant, Torrado Construction Co., Inc. (hereafter, "Defendant") is a Pennsylvania corporation with its principal office located at 3311-13 East Thompson St., Philadelphia, PA 19134.

9.      Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and have employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

10.     Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185; and Section 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

### Jurisdiction & Venue

11.     Jurisdiction of this District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that Defendant is an Employer within the meaning of the LMRA, and a party to collective bargaining agreement(s) which form the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

12.     Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of ERISA, 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA.  The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because Plaintiff Funds, are administered in this judicial district.

### First Cause of Action
**Defendant's Outstanding and Continuous Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515 of ERISA**

13.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 12, as if set forth fully herein.

14.     Plaintiff Union and Defendant are, and has been, parties to a collective bargaining agreement(s), which under its terms, require that Defendant make certain contributions on a timely basis to Plaintiff Funds and remit certain payments to Plaintiff Union based upon the

6

performance of covered work by its employees who are members of Plaintiff Union.  A copy of that agreement is attached hereto in relevant part as Exhibit A.

15.    Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports accurately setting forth the hours worked by employees covered under the collective bargaining agreement(s), and to remit contributions to Plaintiff Funds, at hourly rates commensurate with those required pursuant to the collective bargaining agreement(s).  The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency.  Notwithstanding obligations contained in said collective bargaining agreement(s), Defendant has failed to timely remit employees' required fringe benefit contributions.

16.    Notwithstanding its obligations so contained in the collective bargaining agreement, Defendant has employed workers for whom it has failed to remit the required benefit contributions timely for the periods of March 2016, April 2016, May 2016, June 2016, July 2016, August 2016, September 2016, November 2016, December 2016, January 2017, February 2017, March 2017, April 2017, May 2017, June 2017, July 2017, August 2017, and September 2017, thus resulting in a delinquency at present of approximately $395,977.85, which includes principal contributions owed, as well as, liquidated damages and interest accrued to the present which is assessed pursuant to the terms of the collective bargaining agreement(s) on untimely or unpaid contributions owed by employers.

17.    These amounts may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed under the collective bargaining agreement(s).

18.    Further, in accordance with the terms of the collective bargaining agreement and the Repayment Agreement discussed herein, Defendant is to provide to the Plaintiff Funds proof of a wage and payment bond for the sum of $30,000.00, or in the alternative if unable to

obtain a wage and payment bond, escrow funds of $1,000.00 per man used for covered work, per week. Defendant has averaged 14 employees per weekly period to perform covered work, and as a result, would have to provide escrow funds in the amount of $14,000.00. Defendant has continuously failed to provide to the Plaintiff Funds either proof of a wage and payment bond for $30,000.00 or escrow funds for the estimated sum of $14,000.00, which would allow Plaintiff Funds to resolve, in part, Defendant's delinquency related to principal contributions due and owing to Plaintiff Funds.

19.    Defendant has been notified of its delinquencies, but has failed or refused to make appropriate and timely payments, or provide security, as required. Copies of Plaintiffs' Counsel Notice to Employer sent on October 11, 2017 are attached hereto as Exhibit B.

20.    Under the terms of the same collective bargaining agreement, Defendant is also required to permit Plaintiff Funds to conduct audits at reasonable intervals to determine the accuracy of the contributions remitted by the company.

21.    On or about October 12, 2017, Defendant was notified by an independent auditor of request of the Plaintiff Funds to schedule an audit. Copy of Correspondence dated October 12, 2017 from Novak Francella LLC to Controller of Torrado Construction Co., Inc., attached hereto as Exhibit C.

22.    The auditor has since made numerous attempts to reach Defendant to schedule the audit.

23.    Despite being signatory to the collective bargaining agreement, Defendant continuously refuses to comply with the audit requests of the Plaintiff Funds.

24.    Upon information and belief, Plaintiffs believe, and therefore aver that, by preventing the Plaintiff Funds from conducting a full audit to determine the accuracy of Defendant's contribution reports and remittances to the Plaintiff Funds, Defendant has failed to

comply with the terms of the applicable collective bargaining agreement and may owe additional contributions, interest, and penalties to Plaintiff Funds.

25.     Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

a.      Judgment in the amount of **$395,977.85,** or such other amounts as may be due and owing when this cause of action reaches judgment including but not limited to delinquencies uncovered by and through an audit, that are owed as of the date this claim is reduced to judgment, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

b.      An Order compelling Defendant to provide proof of a wage and payment bond in the amount of $30,000.00, or in the alternative, escrow funds in the sum of $14,000.00 per week to the Plaintiff Funds, as provided for by the applicable collective bargaining agreement(s);

c.      Injunctive relief ordering Defendant to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

d.      Reasonable counsel fees, interest to run at rate of 5%, and costs of suit;

e.      Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

f.      Other relief as the Court deems just and proper.

## Second Cause of Action
## Defendant's Breach of Repayment Agreement with DC21 Funds

26.　　Plaintiffs hereby incorporate the allegations of paragraphs 1 through 25, as if set forth fully herein.

27.　　Under the terms of a settlement agreement entered into between Plaintiff, DC21 Funds, and Defendant on or about August 23, 2017, in order to avoid payment of liquidated damages owed to the DC21 pursuant to the collective bargaining agreement(s) entered into between the Parties, in the amount of $9,250.00 for untimely contribution payments made by the Defendant during the periods of March 2016 through June 2017, Defendant agreed to obtain a wage and payment bond for the amount of $30,000.00 by November 8, 2017 and pay the sum of $11,118.82 for accrued interest owed on the late payments made and the attorney's fees accrued by DC21 for prior litigation filed against Defendant in the action, *International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund et al vs. Torrado Construction Co., Inc.*, EDPA 17-cv-02723. See Repayment Agreement dated August 23, 2017 between Torrado and DC21 Benefit Funds as Exhibit D.

28.　　Defendant has since defaulted on obligations owed to the DC21 Funds under the Repayment Agreement as it failed to obtain the required wage and payment bond and pay the repayment amount timely.

29.　　As a result of its failure to adhere to the terms of the Repayment Agreement, Defendant owes the total sum of $14,250.00, which comprises of the liquidated damages in the amount of $9,250.00 that has been reinstated as owed and the $5,000.00 that remained due and owing for attorney's fees and interest accrued for late payments for which DC21 Funds filed suit in the abovementioned action.


**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

      a.     Judgment in the amount of $14,250.00, as provided for by the applicable collective bargaining agreement(s) and by Section 502 of ERISA;

      b.     Reasonable counsel fees, interest to run at rate of 5%, and costs of suit;

      c.     Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

      d.     Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____
MARTIN W. MILZ
SYRETTA JASMINE MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorneys for Plaintiffs

Dated:  November 27, 2017

11

# EXHIBIT "A"

## COLLECTIVE BARGAINING
## AGREEMENTS

Between

District Council No. 21
International Union of Painters
and Allied Trades AFL–CIO-CLC

and the

Associated Master Painters and Decorators Inc. of Philadelphia and
Vicinity

and the

Interior Finish Contractors Association of Delaware Valley

and the

Architectural Glass and Metal Association of Philadelphia and
Vicinity

and the

P.D.C.A. of Northeast Pa.

and the

P.D.C.A. of Harrisburg

and the

Keystone Contractors Association

and

All Independent Employers and Associations

Starting, May 1, 2017 (Painters)
Starting, May 1, 2015 (Drywall, Glaziers & Upstate)

See Duration clause, Article 27, for EXPIRATION DATES

1

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| Article | 1 | Recognition |
| Article | 2 | Union Security |
| Article | 3 | Check-off Administrative Dues |
| Article | 4 | Function of Management |
| Article | 5 | Contract Increases & Territories |
| Article | 6 | DC Representative |
| Article | 7 | General Work Conditions |
| Article | 8 | Picketing |
| Article | 9 | Subletting of Contract |
| Article | 10 | Preservation of Work |
| Article | 11 | Grievance & Arbitration |
| Article | 12 | Security of Funds |
| Article | 13 | Various Funds |
| Article | 14 | Pinpointing Funds |
| Article | 15 | Industry Advancement Funds |
| Article | 16 | DC #21 Apprenticeship |
| Article | 17 | State Safety Code Compliance |
| Article | 18 | Compensation Insurance Coverage Work Injury |
| Article | 19 | Acts, Relations, Rulings, Legal Jurisdiction |
| Article | 20 | Promotion for Better Journeypersons & Industries |
| Article | 21 | More Favorable Terms |
| Article | 22 | Drug & Alcohol Policy |
| Article | 23 | Specific Provisions & conditions For All Crafts by Zones, Painter, Wallcoverers Zone 1 & 5 |
| Article | 24 | Specific Provisions & conditions For All Crafts by Zones, Painters, Wallcoverers & Drywall Finishers Zones 2, 3 & 4 |
| Article | 25 | Specific Provisions & conditions For All Crafts by Zones Drywall Finishers, Zones 1 & 5 |
| Article | 26 | Specific Provisions & conditions For All Crafts by Zones Glaziers, Zones 1 through 6 with zones 2, 3 & 4 in a separate book |
| Exhibit A | | SIZE SCHEDULE |
| Article | 27 | Duration |

2

## Articles of Agreement

This Agreement is made and entered into this first (1st) day of May 1, 2017 between the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY  AND entered into this first day of May 1, 2015 between the INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG AND KEYSTONE CONTRACTORS ASSOCIATION, hereinafter called the "EMPLOYER", and DISTRICT COUNCIL # 21 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, AFL-CIO-CLC, OF EASTERN PENNSYLVANIA, SOUTHERN NEW JERSEY, AND THE STATE OF DELAWARE, HEREAFTER called the "COUNCIL".

Now, Therefore, This Agreement Witnesseth:

## ARTICLE 1

## Recognition

1.1     **Recognition:**
The Union recognizes the ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS & ASSOCIATIONS as the exclusive collective bargaining representative and agent under the terms of this Agreement for all of its present and future members. THE ASSOCIATED MASTER PAINTERS AND DECORATORS, INC. OF PHILADELPHIA AND VICINITY, INTERIOR FINISH CONTRACTORS ASSOCIATION OF DELAWARE VALLEY, ARCHITECTURAL GLASS AND METAL ASSOCIATION OF PHILADELPHIA AND VICINITY, P.D.C.A. OF NORTHEAST PA, P.D.C.A.- HARRISBURG, KEYSTONE CONTRACTORS ASSOCIATION, AND ALL INDEPENDENT EMPLOYERS and any other Association this Union may recognize, do recognize the COUNCIL as the bargaining representative of the

3

**Painters:  May 1, 2017 – April 30, 2022**

## Signature Page

In Witness whereof, the parties hereto, intending to be legally bound, have hereunto set their hands and seals the day and year and for and period extended by Article 27.5

**From: May 1, 2017 To: April 30, 2022**

I/We, the undersigned, an EMPLOYER in the Painting, Paperhanging, Drywall, and Glazing Industries, have read the foregoing Agreement, am familiar with its provisions, accept and agree to be bound by all its terms and conditions. I also agree, with the signing of this Agreement, to provide to District Council No. 21 a complete list of all my journeypersons and apprentices whom I employ.

### Independent Employer or Association

**District Council # 21**
**International Union of Painters and Allied Trades**

BY _/s/_ _Joseph A. Ashdale_
Joseph T. Ashdale
**Business Manager/Secretary Treasurer**

_TORRADO CONSTRUCTION CO., INC._
Company

BY _/s/_ _____ PRESIDENT
**Employer Representative or Independent Employer Association**

# EXHIBIT "B"

LAW OFFICES

# SPEAR WILDERMAN

A Professional Corporation

SUITE 1400, 230 SOUTH BROAD STREET, PHILADELPHIA, PA  19102

TEL: (215) 732-0101   FAX: (215) 732-7790

WARREN J. BORISH*
SAMUEL L. SPEAR
JAMES F. RUNCKEL
CHARLES T. JOYCE*
BENJAMIN EISNER◊
WENDY CHIERICI*
JAMES KATZ*
MARTIN W. MILZ*
LOIS GARBER SCHWARTZ*
WILLIAM B. SANDERSON, JR *
NICHOLAS J. BOTTA
SYRETTA J. MARTIN
MELISSA A. LOVETT
F. TIGHE BURNS*
THEODORE P. DiMUZIO
CHRISTOPHER R. STOCKTON*

PA BAR EXCEPT:
* PA & NJ BAR
◊PA, NJ & DC BAR

NJ OFFICE:
1040 N. KINGS HIGHWAY
SUITE 202
CHERRY HILL, NJ 08034
(856) 482-8799 FAX: (856) 482-0343


BRUCE E. ENDY
Of Counsel


LEONARD SPEAR
1923 - 2003

LOUIS H. WILDERMAN
1909 - 1993

October 11, 2017

### *Via Certified RRR & e-mail <rwatson@eastburngray.com>*

Robert R. Watson, Jr., Esq.
c/o Torrado Construction Company, Inc.
Eastburn and Gray, PC
470 Norristown Road
Suite 302
Blue Bell, PA 19422

> **RE:   IUPAT District Counsel No. 21 of Philadelphia Employee Benefit Funds, Allied Trades Labor Management Cooperation Initiative, Finishing Trades Institute and IUPAT International Pension Funds ("Funds") – Delinquent Contributions – First Notice**

Sir:

Please be advised that this office is co-counsel for the above-referenced Funds for this delinquency.

We have been advised that your client, Torrado Construction Company, Inc. (hereinafter, the "Company"), has failed to timely submit remittance reports and/or contributions for work performed for the periods of July 2017 and August 2017.  As a result, the Funds believe the delinquent amount owed for the abovementioned periods to be in the amount of **$235,907.23,** consisting of unpaid fringe benefit contributions in the amount of $231,547.17, interest in the amount of $860.06 and liquidated damages in the amount of $3,500.00.[1]  Please note that this amount shall increase should this delinquency remain due and owing and accrual of unpaid contributions continue.  Further, this amount shall increase if additional delinquencies are uncovered at a later date.

Pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), every employer that is obligated to submit contributions and reports under the terms

---

[1]This amount does not include contributions owed by the Company to the Funds by **October 31, 2017** for the period of September 2017 for the amount of **$110,150.35**.  Please note that should this amount also remain unpaid as of the October 31, 2017 date, the Company shall be responsible for the additional payment of an assessment of liquidated damages in the amount of $500.00 and daily interest accrual until the contributions are paid.

of a collective bargaining agreement ("CBA") is required to timely and accurately do so in accordance with the terms of such agreement. As you are aware, Section 13.13.1 of the CBA states the parameters by which liquidated damages are assessed by the Funds on each untimely submission of contribution reports and/or payments by signatory employers. Further, pursuant to Section 13.13.1 of the CBA and the Funds' Delinquency Policy, interest shall accrue on the delinquent principal amount owed to the Funds from its due date until the principal is paid at the IRC rate plus one (1) percentage point in excess of such rate. Therefore, interest and liquidated damages is owed by the Company to the Funds due to late payment of contributions for the periods of July 2017 and August 2017 in the amount stated above.

Further, please note that pursuant to the Repayment Agreement entered into on August 23, 2017, the Company must provide proof of bond, or escrow for the sum of $14,000.00 by **November 8th, 2017,** or the conditionally-waived liquidated damages in the amount of **$9,250.00** will be due and owing to the Funds, in addition to, any contributions that are outstanding at that time. As Article 12 of the CBA states, a signatory employer is required to post a security bond or a letter of credit with the Funds for employees for whom it pays benefit contributions. If the signatory employer is unable to provide a bond or letter of credit in the bond amount so designated by the Funds, it must provide to the Funds an escrow amount equal to the sum of $1,000.00 per employee/per week for application to owed contributions should the signatory employer become delinquent. Should the signatory employer fail to provide a bond, letter of credit, or escrow funds, the Funds require the signatory employer to submit reports and benefit contributions on a weekly basis.

The Company's failure to remit the reports and/or contributions when due constitutes a violation of both the collective bargaining agreement and federal law. ERISA provides for civil remedies and damages in such a situation.

The Trustees of the Funds have a fiduciary obligation to pursue the recovery of the delinquent amount owed. Accordingly, please be advised that legal action may be taken unless this matter is resolved within **ten (10) business days** from the date of this demand letter. *Should the Company fail to cure this delinquency and the Funds file a complaint against the Company, the Company shall be responsible to the Funds for the additional sum of liquidated damages in the amount of $46,309.43 plus attorney's fees and costs associated with the filing.* We urge the Company to take immediate action and rectifying delinquency arrearages by making payment to the Funds for the amount owed of **$235,907.23.**

If you have any questions, please contact me at (215) 732-0101. Thank you.

Sincerely,

Syretta J. Martin

Enclosure
cc:   Brian Smith, Delinquency Controller (via e-mail w/enclosure)
      Dawn Costa, Esq.                    (via e-mail w/o enclosure)

2



**DISTRICT COUNCIL No. 21**
**INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES**

*Benefit Funds*

2980 SOUTHAMPTON-BYBERRY ROAD • PHILADELPHIA, PA  19154-1297

(215) 934-5130
(215) 698-0978
1 800-252-7252
FAX (215) 934-5418

MICHAEL R. PREVITERA
*Fund Administrator*

August 16, 2017

Torrado Construction Co., Inc.
331-13 East Thompson Street
Philadelphia, PA 19134

RE: Payment Agreement Terms

Dear Mr. Luis Torrado,

Thank you for taking the time to meet with us last week, I think it was definitely a step in the right direction to help build a better relationship going forward. Below you will find the terms agreed upon in that meeting.

**The terms are as follows:**

- Bond must be supplied within 3 months (due date 11/8/2017) to receive liquidated damage relief in full. If the bond is not received by 11/8/2017, the full amount ($9,250.00) will be owed to the DC21 Benefit Funds and an Escrow amount of $14,000.00 will be required and weekly contribution reports will need to be submitted until a bond can be obtained.
- The total amount for interest and attorney fees owed is $11,118.82 (interest- $2,937.32; attorney fees- $8,181.50).
- Down payment of $5,118.82 is due by Wednesday, August 23, 2017. This will leave a balance of $6,000.00 to be paid over 6 months.
- 6 monthly payments of $1,000.00 will be due on the 15th of each month, beginning with September 15, 2017. Please make checks payable to 'DC21 Benefit Funds'.
- If a default should occur, you will have 10 days to remedy the default. In the event that this default is not satisfied, all penalties will be reinstated, including any additional interest and attorney fees that may have accrued , and litigation will commence.
- Upon receipt of the down payment in the amount of $5,118.82 on or before August 23, 2017, parties will file within five (5) days a Stipulation of Dismissal in the pending action in the Eastern District of PA to have the matter marked as dismissed without prejudice.

Luis Torrado- Owner of Torrado Construction

Michael Previtera-Fund Administrator
DC21 Benefit Funds

# EXHIBIT "C"

**Syretta Martin**

| | |
|---|---|
| **From:** | Cooper, Marta <mcooper@novakfrancella.com> |
| **Sent:** | Thursday, October 12, 2017 8:19 AM |
| **To:** | 'jevans@torradoconstruction.com' |
| **Subject:** | District Council 21 Employee Benefit Funds and IUPAT Industry Pension Fund - Payroll Compliance review |
| **Attachments:** | Torrado letter.pdf |

Good morning Ms. Evans,

Please refer to the attached letter requesting to schedule an exit payroll compliance review for the above mentioned Funds.  Please refer to the list of documents and the review period.
We will contact you soon to schedule an appointment.
In the meantime, if you have any questions, please don't hesitate to call or email me.

Marta M. Cooper, CFE
PCR Manager
**Novak Francella LLC**
One Presidential Blvd, Suite 330 | Bala Cynwyd, PA  19004
Office  610.668.9400 Ext. 109 | Fax  610.668.9405
E-mail:  mcooper@novakfrancella.com



CONFIDENTIALITY NOTICE: This e-mail and the attachments hereto, if any, may contain legally privileged and/or confidential information. It is intended only for use by the named addressee(s). If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail and the attachments hereto, if any, is strictly prohibited and the information contained herein may be protected by law. If you have received this transmission in error, please immediately notify the sender by telephone and permanently delete this e-mail and the attachments hereto, if any, and destroy any printout thereof



October 12, 2017

Controller
Torrado Construction Co., Inc.
3311-13 East Thompson Street
Philadelphia, PA 19134

RE: **District Council No. 21 of Philadelphia Employee Benefit Funds and**
**I.U.P.A.T. Industry Pension Funds**

Dear Sir/Madam:

Novak Francella LLC are the auditors for the Painters District Council No. 21 of Philadelphia
Employee Benefit Funds. As part of our normal review of contributions from participating
employers, we compare the contribution reports submitted by your company to your payroll and
other related records.

In this regard, we would appreciate an appointment to meet with you at your office to review the
following information:

1. Federal form 1120/1120S or Form 1065 and supporting schedules.
2. List of Owners/Officers with supporting documentation including Articles of Incorporation.
3. Federal 941 and State Quarterly Tax Returns.
4. Annual W-2s and W-3.
5. Annual 1099s and the 1096.
6. Employees' individual earnings records detailing hours paid; if not available in that form, some
   record detailing hours paid per employee should be made available including Job/project Files.
7. Copies of monthly contribution reports to all fringe benefit funds to which you contribute.
8. Financial Statement, General Ledger or excerpts as determined by the Auditor.
9. Cash disbursement journals and/or Check Register/Check Book including supporting documents.
10. Bank statements with check images.

Our review will be for the period January 1, 2016 through present. We will, therefore, require
the above information for that time period. We will contact you shortly to arrange an
appointment.

Should you have any questions concerning the above request, please feel free to contact me at the
Philadelphia office.

Sincerely,

Marta Cooper

NEW YORK | 450 Seventh Avenue, 35th Floor | New York, NY 10123 | 212.279.4262
PHILADELPHIA | One Presidential Blvd, Suite 330 | Bala Cynwyd, PA 19004 | 610.668.9400
WASHINGTON, DC | 7226 Lee DeForest Drive, Suite 201 | Columbia, MD 21046 | 443.832.4009
BOSTON | Independence Wharf, 470 Atlantic Avenue, 4th Floor | Boston, MA 02210 | 617.500.6578

# EXHIBIT "D"



**DISTRICT COUNCIL No. 21**
**INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES**

*Benefit Funds*

2980 SOUTHAMPTON-BYBERRY ROAD • PHILADELPHIA, PA  19154-1297

(215) 934-5130
(215) 698-0978
1 800-252-7252
FAX (215) 934-5418

MICHAEL R. PREVITERA
*Fund Administrator*

August 16, 2017

Torrado Construction Co., Inc.
331-13 East Thompson Street
Philadelphia, PA 19134

RE: Payment Agreement Terms

Dear Mr. Luis Torrado,

Thank you for taking the time to meet with us last week, I think it was definitely a step in the right direction to help build a better relationship going forward. Below you will find the terms agreed upon in that meeting.

**The terms are as follows:**

- Bond must be supplied within 3 months (due date 11/8/2017) to receive liquidated damage relief in full. If the bond is not received by 11/8/2017, the full amount ($9,250.00) will be owed to the DC21 Benefit Funds and an Escrow amount of $14,000.00 will be required and weekly contribution reports will need to be submitted until a bond can be obtained.
- The total amount for interest and attorney fees owed is $11,118.82 (interest- $2,937.32; attorney fees- $8,181.50).
- Down payment of $5,118.82 is due by Wednesday, August 23, 2017. This will leave a balance of $6,000.00 to be paid over 6 months.
- 6 monthly payments of $1,000.00 will be due on the 15th of each month, beginning with September 15, 2017. Please make checks payable to 'DC21 Benefit Funds'.
- If a default should occur, you will have 10 days to remedy the default. In the event that this default is not satisfied, **all** penalties will be reinstated, including any additional interest and attorney fees that may have accrued , and litigation will commence.
- Upon receipt of the down payment in the amount of $5,118.82 on or before August 23, 2017, parties will file within five (5) days a Stipulation of Dismissal in the pending action in the Eastern District of PA to have the matter marked as dismissed without prejudice.

Luis Torrado- Owner of Torrado Construction

Michael Previtera-Fund Administrator
DC21 Benefit Funds